O’Neill, J.,
concurring in part and dissenting in part.
{¶ 243} Once again, a case has come before us that challenges my resolve to stay the course regarding the unconstitutionality of the death penalty in Ohio. It is incomprehensible how someone could murder his own children while they are helplessly strapped into their car seats. Five-year-old Macy and three-year-old James were stabbed in their throats by their father for absolutely no reason other than to make their mother suffer.
{¶ 244} This case comes on the heels of State v. Kirkland, — Ohio St.3d-, 2014-Ohio-1966, — N.E.3d-, and State v. Wogenstahl, 134 Ohio St.3d 1437, 2013-Ohio-164, 981 N.E.2d 900, two other capital cases involving atrocious monsters who took the lives of innocent children in gruesome acts of violence.
{¶ 245} There is no doubt that these three murderers should be dealt with in the strongest manner permitted under the Constitution. I agree with the majority in this ease that Mammone’s convictions must stand. The state proved its case, and it has demonstrated that he is guilty of multiple murders, beyond a reasonable doubt. However, as evil as Mammone is, I still must conclude that life in prison without the possibility of ever being released is the appropriate sentence, for the reasons I offered in my dissent in Wogenstahl. See id. at ¶ 1-9 (O’Neill, J., dissenting). The death penalty is both cruel and unusual and I refuse to ratify the taking of any human life in the name of retribution, deterrence, or punishment. We as a society live by our Constitutions and by a moral code that clearly is not subscribed to by this defendant. On a moral level, I simply cannot countenance the concept of lowering 11 million Ohioans to Mr. Mammone’s level of depravity.
{¶ 246} Accordingly, I concur in affirming the convictions and dissent on the imposition of the death penalty.